Glenn Hubbard HURST and Employers Casualty Company, Intervener, Appellants,

v.

GULF OIL CORPORATION, Appellee.

No. 16496.

United States Court of Appeals Fifth Circuit.

April 23, 1958.

John J. Watts, Odessa, Tex., for appellants.

William L. Kerr, Midland, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and WISDOM, Circuit Judges.

PER CURIAM.

The first ground urged in support of the petition for rehearing is that the Court "erred in *deciding this case under the laws of Texas* in that this *accident occurred in New Mexico* and even though the suit was tried in Texas *the law of New Mexico would control same*." (Emphasis, the petitioner's.) The only reference we have found to the law of New Mexico upon the trial was contained in the oral statement of a stipulation, as quoted in the margin.[1] Appellee stated its construction of that stipulation in its brief filed in this Court on October 24, 1957: "The accident had occurred in New Mexico but the case was tried under stipulation that Texas law controlled. (R. 241–42)." Appellant filed a reply brief on November 4, 1957 and a supplemental brief on November 23, 1957, but in neither do we find any dissent from appellee's construction of the stipulation, or any argument based on the law of New Mexico. Unless our recollection of the oral argument is faulty, no question as to the stipulation was then raised and there was no insistence on the law of New Mexico. This ground of the petition for rehearing comes too late.

We have considered the other grounds and find them without merit. The petition for rehearing is therefore

Denied.

[1]. "Mr. Kerr [Counsel for Defendant]:
"May it be stipulated that at all times pertinent to the date or dates involved in this case that Gulf Oil Corporation was the employer of more than three employees, and as such, was covered under the Workmen's Compensation Act of both Texas and New Mexico. That the New Mexico Compensation Act, insofar as this case is concerned, may be regarded as similar to the Texas Workmen's Compensation Act, and that by the terms of each or both such acts, the rights of an employee of any employer, loaned, regular or special, is to be measured by the Compensation Act, and no employee covered under the Compensation Act as a loaned, regular, or special employee may file suit against the employer, such as Gulf Oil Corporation, who carried such coverage. That may be stipulated, may it not?
"Mr. Watts [Counsel for Plaintiff]:

"What I wanted to agree with you was that the law of New Mexico is the same as the law of Texas and let it go at that.
"Mr. Kerr:
"May I say this, the reason I made it in that way, I don't know anything about New Mexico law. I asked Mr. Neal yesterday about—talking about this loaned, regular, and special, and he said they never had any cases in New Mexico that covered it. We have had a lot of them in Texas. That is the reason I asked for the stipulation that it covers loaned, regular, or special. Frankly, I don't think this man was an employee of the Gulf Oil Corporation, but in the event it should be held that we were exercising supervision and control, or had that right, we offered that as an additional defense that we plead.
"The Court:
"All right."
Record pages 241 and 242.